PER CURIAM:
The claimants brought this action for damage to their 1994 Buick Skylark, which occurred after the vehicle encountered a large hole on a road maintained by the respondent in Marion *32 County. For the reasons stated below the Court will make an award in favor of the claimant.
The incident giving rise to this action occurred on February 19, 1997. The claimant Linda Stull was driving with her son on US Route 250 southbound in Fairmont towards Bridgeport at approximately 7:30 p.m. The weather was dark and it was raining lightly. Route 250 in this area is a two-lane paved road that is first priority in terms of maintenance. The evidence adduced at hearing was that the claimant struck a large hole, destroying one wheel and tire. Total repair and replacement costs were $193.70. The claimant carried full coverage with a $100.00 deductible.
The claimant testified that on the night in question she saw several other vehicles striking this hole. She stated that she could not estimate the size of the hole because a police cruiser was eventually parked over it to keep motorists at a safe distance. There were no warning signs in the vicinity. The evidence established that the respondent had repaired and patched this particular hole on multiple occasions that winter. However, the evidence does not establish that the respondent had actual notice that the hole was again in need of repair on this particular occasion. It is the general rule that to hold the respondent liable the claimant must prove that the respondent had actual or constructive notice of the defect. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the respondent had reason to know that the hole in question would present a hazard to motorists, and, at a minimum, could have taken remedial action such as installing warning signs. Therefore, the Court is of the opinion to and does hereby make an award in the amount of $100.00.
Award of $100.00.